# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, # 285447, *aka Unula B. Abebe,* | ) C/A No. 5:12-187-MBS-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Assistant Solicitor Moring; Unknown Assistant Solicitor; and Spartanburg County Sheriff Department, | ) |
| Defendants. | ) |

The plaintiff, Unula Boo Shawn Abebe ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints and submit findings and recommendations to the district court. Plaintiff, a state prisoner, brings this action against a Sheriff's Department and two state government prosecutors. The Complaint seeks monetary damages from Defendants for alleged violations of Plaintiff's constitutional right to equal protection, as well as state law torts of selective enforcement, selective prosecution, and malicious prosecution. The Complaint also seeks injunctive relief. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that the Complaint be summarily dismissed because Defendants have immunity from damages liability under 42 U.S.C. § 1983, and the court should abstain from granting injunctive relief. Because the § 1983 claim should be dismissed, the court should abstain from considering the state law claims.

I. Review Standard

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The same standard is applied in screening prisoner pleadings pursuant to 28 U.S.C. § 1915A, which requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This court is required to liberally construe pro se documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the court can ignore a failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. Factual and Procedural Background

Plaintiff, a black male, claims that while he was housed as a federal detainee at the Spartanburg County Detention Center on May 9, 2009, he was assaulted by white correctional officers. In the first incident, Plaintiff alleges that Officer Cummings, a white male, instructed a fellow officer to use a taser, an electroshock weapon, against Plaintiff, even though he was face

2

down on the floor. The use of the taser resulted in Plaintiff being taken to Spartanburg Regional Hospital. Plaintiff alleges that he was subsequently charged with, and is being prosecuted for, assault and battery of a high and aggravated nature on Officer Cummings. ECF No. 1 at 2.

Plaintiff alleges a second assault occurred after he returned from the hospital that same day. Plaintiff states that eight white officers held him down on the floor and "punched and stomped" him while accusing him of assaulting Officer Cummings. Plaintiff claims he was then sprayed with chemical munitions and left in a cell without access to water for several hours. *Id.*

Plaintiff claims that the day following the assaults, a fellow detention center inmate suggested that Plaintiff would be criminally charged because the fellow inmate was criminally charged after detention center officers beat him. Other inmates allegedly told Plaintiff "several things concerning the racism in regards to the officers only beating blacks." ECF No. 1 at 3. Plaintiff also claims that he met "a white male who assaulted a jail officer but wasn't beaten nor criminally charged." *Id*.

Based on these facts, Plaintiff brings this § 1983 civil rights action against two state prosecutors and the Spartanburg County Sheriff's Department, claiming deprivation of his equal protection rights. Plaintiff alleges "[t]he defendants are discriminating against me because of my race and are prosecuting me only and not the officers because I'm black and they are white." *Id.* (emphasis in original; internal citations omitted). Plaintiff's equal protection claim is not only based on the failure to prosecute the correctional officers who assaulted him, but also based on the failure to prosecute the white male detainee whom he indicates assaulted a jail officer without consequences. *Id.* Plaintiff seeks monetary damages from Defendants for alleged violations of Plaintiff's constitutional right to equal protection, as well as state law torts of selective enforcement,

selective prosecution, and malicious prosecution. *Id.* at 3-4. Plaintiff also seeks injunctive relief against the state prosecutors, in the form of "civil arrest pursuant to Fed. R. Civ. P. # 64," as well as a preliminary injunction against all Defendants requiring them to "stop violating [Plaintiff's] right to equal protection." ECF No. 1 at 4.

III. Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief[.]" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute, 42 U.S.C. § 1983, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. Immune Defendants

As an initial matter, all named Defendants are immune from suit under 42 U.S.C. § 1983. Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an *immunity from suit* rather than a mere defense to liability") (emphasis in original) (overruled on other grounds by *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009)). Although "[t]he fourteenth amendment equal protection clause embraces a right to be free from racially discriminatory enforcement of a state's criminal laws[,]" *Butler v. Cooper*, 554 F.2d 645, 646 (4th

Cir. 1977), Plaintiff has sued Defendants who are immune from liability for damages under § 1983.

The Complaint names the Spartanburg County Sheriff's Department as a party defendant. The Sheriff's Department is not a legal entity separate from the Sheriff in his official capacity. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity[.]"). The law is well established in South Carolina that a sheriff in his official capacity is "dominated by" the state, and thus the sheriff's department also, such that a suit against the sheriff in his official capacity, or the sheriff's department, is a suit against the state. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state). A § 1983 action against the Spartanburg County Sheriff's Department is a suit against the State of South Carolina itself. *Carroll v. Greenville Cnty. Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994) (finding suit against sheriff's office is suit against the state). The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 728-29 (1999); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) ( noting a state must expressly consent to suit in a federal district court); S.C. Code Ann. § 15-78-20(e) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). A "federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity." *Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d. 483, 492 (D.S.C. 2007). The Spartanburg County Sheriff's Department is immune from liability under § 1983, and Plaintiff should not be

permitted to continue this action against it.

The Complaint also names as defendants, Assistant Solicitor Moring and Unknown Assistant Solicitor, two solicitors involved in Plaintiff's pending state criminal case on the assault charge against Officer Cummings. In South Carolina, regional prosecutors are called solicitors and assistant solicitors, and they represent the state in criminal prosecutions. *See* S.C. Code Ann. § 1-7-320 (1976) ("Solicitors shall perform duties of Attorney General and assist in prosecutions."). Plaintiff alleges as follows:

> I was criminally indicted on March 25, 2010 by assistant solicitor [name unknown, and] said solicitor knew that I was assaulted also by all white officer but only sought an indictment against me against my Equal Protection right. Then on or about November 30, 2011 Assistant Solicitor Moring met with me and advised me that his office will prosecute me at trial for the criminal assault charge. He knew of the prior assaults committed against me as well and is also seeking to prosecute me against my right to equal protection of the law.

ECF No. 1 at 3. The United States Supreme Court directs that "in initiating a prosecution and in presenting the State's case, the prosecution is immune from a civil suit from damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (footnote omitted). Supreme Court precedent firmly establishes that a prosecutor has absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; *Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009) (finding "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding") (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)). Plaintiff's allegations are based on the state prosecutors' decisions to seek an indictment and pursue prosecution to trial, both of which are part of the judicial process of initiating and presenting a criminal case as they are "traditional prosecutorial duties." *See Nivens v Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006); *Brice v. Jenkins*,

489 F. Supp. 2d 538, 542 (E.D. Va. 2007) (finding immunity included claim of selective prosecution). Defendants Moring and Unknown Assistant Solicitor have absolute immunity from this § 1983 action for damages. Plaintiff should not be permitted to pursue his claims against them.

  B. Equitable and Other Relief

In addition to monetary damages, Plaintiff seeks "civil arrest pursuant to Fed. R. Civ. P. #64" of the Defendant state prosecutors. ECF No. 1 at 4. Rule 64 of the Federal Rules of Civil Procedure states that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Plaintiff fails to identify a South Carolina state law that provides for the "seizure of a person" as security for a potential monetary judgment. Additionally, as discussed, the Complaint should be dismissed, so a "potential monetary judgment" does not exist in this case.

Plaintiff also seeks a preliminary injunction ordering "all defendants to stop violating my right to equal protection of the law of the 14th U.S. Const. Amendment." ECF No. 1 at 4. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977)). As discussed above, Plaintiff cannot prevail on the merits of his claims. As he fails to establish that he is likely to succeed on the merits, he is not entitled to preliminary injunctive relief. Additionally, in as much as the Complaint is seeking injunctive relief that would interfere with Plaintiff's pending state criminal proceedings, the court must refrain from granting such relief. "A court of the United States may not

grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court discussed the application of the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Courts of equity should not act to restrain a criminal prosecution unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44; *Kugler v. Helfant*, 421 U.S. 117, 123 (1975). In applying the national policy discussed in *Younger*, the Fourth Circuit has found:

> Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

*Nivens*, 444 F.3d at 241 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (footnote omitted)).

Considering each of these three criteria, Plaintiff's case should be dismissed. First, Plaintiff states that he is involved in an ongoing state criminal proceeding. The second criteria has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third criteria has been recognized by several courts, in that, "'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)); *see also Nivens v. Gilchrist*, 444 U.S. at 241 ("Because in a

typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution, he has an adequate remedy at law."). Here, Plaintiff's Complaint presents no apparent reason he could not bring his equal protection claims concerning racially discriminatory prosecution in his pending criminal case. Because the criteria set forth in *Nivens* are met, the court should abstain from interfering in Plaintiff's pending state criminal case.

C. State Law Claims

The Complaint also alleges the state law claims of selective enforcement, selective prosecution, and malicious prosecution. ECF No. 1 at 1, 3-4. A claim under § 1983 for violation of a federal right may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The court could consider Plaintiff's state law claims through the exercise of its supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (noting federal courts' original jurisdiction under federal question includes jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"). However, federal courts are permitted to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the undersigned recommends dismissing Plaintiff's § 1983 claims against these Defendants, it is further recommended that the court abstain from exercising supplemental jurisdiction to consider Plaintiff's state law claims.

IV. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice and without service on Defendants. *See* 28 U.S.C. § 1915A (as soon as possible after docketing district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

March 26, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).