IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Unula Boo Shawn Abebe, #285447, | ) | C/A No. 5:12-187-MBS-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Assistant Solicitor Moring; Unknown | ) | |
| Assistant Solicitor; and Spartanburg | ) | |
| County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On January 19, 2012, Unula Boo Shawn Abebe ("Plaintiff"), a state prisoner, filed a pro

se action against the Spartanburg County Sheriff's Department ("SCSD") and two Assistant

Solicitors (the "Solicitors") (collectively "Defendants"). ECF No. 1. Plaintiff asserts a violation

of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, as

well as claims for selective enforcement, selective prosecution, and malicious prosecution under

state tort law. *Id.* In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this

matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915,

1915A, and the Prison Litigation Reform Act. On March 26, 2012, the Magistrate Judge issued a

Report and Recommendation in which she recommended that Plaintiff's claims be summarily

dismissed. ECF No. 17. On April 6, 2012, Plaintiff filed a motion to amend his complaint and,

on April 9, 2012, objections to the Report and Recommendation. ECF No. 19 & 21.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts, stated in the light most favorable to Plaintiff, are as follows.  ECF No.
1 at 2.  On May 9, 2009, while being held as a detainee at the Spartanburg County Detention
Center ("SCDC"), Plaintiff, a black male, was twice assaulted by white correctional officers.  *Id.*
In the first instance, Officer Jonathan Cummings instructed another officer to use a taser against
Plaintiff even though he had complied with the officers' orders and was face down on the
ground.  *Id.*  Thereafter, while en route to the Spartanburg Regional Hospital, an officer
whispered to Plaintiff, "we're going to fuck your little black ass up."  *Id.*  When Plaintiff returned
to SCDC, eight officers held him to the ground and "punched and stomped" him, accusing
Plaintiff of assaulting Officer Cummings.  *Id.*  Plaintiff was sprayed with mace and left for
several hours in a cell without water.  *Id.*  The following day, Plaintiff learned from other inmates
that there is a history of officers at SCDC beating African-American inmates.  *Id.* at 3.

On March 25, 2010, Plaintiff was charged with the assault and battery of Officer
Cummings.  *Id.*  The unknown Assistant Solicitor who handled the case knew that Plaintiff had
been assaulted by all white officers.  *Id.*  On November 30, 2011, Assistant Solicitor Moring met
with Plaintiff and advised him that his office intended to pursue the charges against him.  *Id.*  The
Solicitors understood that Plaintiff sought to have criminal charges brought against the officers
who assaulted him but no indictment has been issued.  *Id.*  Plaintiff is aware of a white detainee
who assaulted an officer at SCDC but was neither assaulted in response nor criminally charged.
*Id.*

Plaintiff alleges, "[t]he defendants are discriminating against me because of my race and
are prosecuting me only and not the officers because I'm black and they are white."  *Id.*

2

Plaintiff's claims also appear to be based on the Solicitors' decision not to prosecute the white detainee who assaulted a correctional officer at SCDC. *Id.* Plaintiff seeks monetary damages and the Solicitors' civil arrest pursuant to FED. R. CIV. P. 64. *Id.* at 4. In addition, Plaintiff seeks a preliminary injunction against Defendants requiring them to "stop violating [Plaintiff's] rights to equal protection." *Id.*

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b) (1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless.*" Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

3

quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and

conclusions . . . . "  *Id.*  Therefore, a plaintiff must "allege facts sufficient to state all the elements

of [the] claim."  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

### III.  DISCUSSION

**A.  *Summary Dismissal***

**1.  *The Magistrate Judge's Report and Recommendation***

Upon review, the Magistrate Judge concluded that Plaintiff's claims for monetary

damages brought pursuant to 42 U.S.C. § 1983, should be dismissed because each of the

Defendants is immune from suit.  The Magistrate Judge found that, in South Carolina, a sheriff

or a sheriff's department is an arm of the state.  Therefore, the Magistrate Judge concluded that

SCSD is immune from suit under the Eleventh Amendment.  *See Carroll v. Greenville County

Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994).  The Magistrate Judge determined that the

Solicitors, whose position in South Carolina is equivalent to that of a prosecutor, have absolute

immunity in this case because Plaintiff's suit is based on the Solicitors' performance of a

"traditional prosecutorial dut[y]," the decision whether to seek an indictment and initiate criminal

proceedings.  *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006).

As a consequence of finding that Defendants are immune from suit, the Magistrate Judge

concluded that Plaintiff's requests for a preliminary injunction and the Solicitor's civil arrest

should be denied.  The Magistrate Judge added that, insofar as Plaintiff seeks an injunction that

would interfere with pending state criminal proceedings, Plaintiff has failed to sustain the heavy

burden required of a plaintiff requesting that type of equitable relief.  *See Younger v. Harris*, 401

U.S. 37, 43-5 (1971).

After concluding that Plaintiff's federal claims should be dismissed, the Magistrate Judge

recommended that the court abstain from exercising supplemental jurisdiction over Plaintiff's

state law claims.  *See* 28 U.S.C. § 1367(a).

## 2.  *Plaintiff's Objections*

Plaintiff challenges the Magistrate Judge's finding that the Solicitors have absolute

immunity from suit.  ECF No. 21.  To that end, Plaintiff contends that the Solicitors' conduct

was administrative, rather than prosecutorial.  *Id.*  Although a prosecutor does not have immunity

for conduct that is administrative, *Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009),  the

decision whether to initiate a prosecution is the quintessential prosecutorial function that justifies

immunity from suit.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Because Plaintiff is

challenging the Solicitors' decision to indict Plaintiff, the court agrees with the Magistrate

Judge's finding that the Solicitors are immune from suit.

Plaintiff objects to the Magistrate Judge's finding that SCSD is immune from suit under

the Eleventh Amendment.  As the Magistrate Judge observed, in South Carolina, it is well-

recognized that a sheriff's department is an agency of the state protected by sovereign immunity.

*See, e.g.*, *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Gulledge v. Smart*, 691 F. Supp.

947, 954–55 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County

Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (finding a suit against the sheriff's office to

be a suit against the state);  *Millmine v. County of Lexington*, No. 182875, 2011 WL 182875 at

*5 (D.S.C. Jan. 20, 2011) ("In South Carolina, a sheriff's department is an agency of the state, not

a department under the control of the county.").  Accordingly, the court agrees with the

Magistrate Judge's determination that SCSD is immune from suit.

**B.** *Motion to Amend*

Because service of process has not yet been authorized, Plaintiff is entitled to amend his complaint "once as a matter of course." *See* FED. R. CIV. P. 15(a)(2). However, even when a party may amend as a matter of course, leave to amend may be denied if there is bad faith, undue prejudice to the opposing party, or futility of amendment. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Plaintiff's proposed amended complaint identifies by name the unknown Assistant Solicitor and includes several other minor changes, none of which affects the court's immunity analysis. In substance, the proposed amended complaint is identical to the original complaint. For the same reasons discussed above, Plaintiff's proposed amended complaint would be subject to summary dismissal. Accordingly, Plaintiff's motion to amend is denied.

## IV. CONCLUSION

For the reasons set forth above, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed and his motion to amend is denied.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
November 26, 2012

6