IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Unula Boo Shawn Abebe, #285447, | ) | C/A No. 5:12-187-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Assistant Solicitor Moring; Unknown | ) | |
| Assistant Solicitor; and Spartanburg | ) | |
| County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On January 19, 2012, Unula Boo Shawn Abebe ("Plaintiff"), a state prisoner, filed a pro se action against the Spartanburg County Sheriff's Department ("SCSD") and two Assistant Solicitors (the "Solicitors") (collectively "Defendants"). ECF No. 1. Plaintiff asserts a violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, as well as claims for selective enforcement, selective prosecution, and malicious prosecution under state tort law. *Id.* United States Magistrate Judge Kaymani D. West reviewed Plaintiff's complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act, and recommended summary dismissal of Plaintiff's complaint. ECF No. 17. On April 6, 2012, Plaintiff filed a motion to amend his complaint and, on April 9, 2012, objections to the Report and Recommendation. ECF Nos. 19 & 21. On November 26, 2012, the court entered an order (the "November order") denying Plaintiff's motion to amend and dismissing Plaintiff's complaint. ECF No. 26.

The within matter is before the court on Plaintiff's motion pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, which motion was filed on December 10, 2012. ECF No.

30.[1]  Plaintiff has also filed a document titled "Judicial Notice," ECF No. 31, which appears to contain additional arguments in support of his Rule 59(e) motion.  The court will consider those arguments in reviewing Plaintiff's motion.

## I.  STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the November order.  ECF No. 26.  This case involves Plaintiff's claim that, on May 9, 2009, he was assaulted by Caucasian correctional officers at the Spartanburg County Detention Center ("SCDC"), and that, due to his African-American race, the Solicitors charged him, rather than the officers, with assault and battery.  Further, Plaintiff alleges that, at an unspecified point in time, the Solicitors chose not prosecute a Caucasian inmate who assaulted an officer at SCDC.  Plaintiff asserts that Defendants' conduct violated his rights under the Equal Protection Clause.

In dismissing Plaintiff's complaint, the court held that the Solicitors were entitled to absolute immunity, as a prosecutor's decision whether to indict a defendant is the "quintessential prosecutorial function." ECF No. 26 at 5 (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  Further, the court held that SCSD is immune from suit under the Eleventh Amendment, because in South Carolina, a sheriff's department is an agency of the state.  *Id.* (citing *Cromer v. Brown*, 88 F.3d 1315,

---

[1] In Plaintiff's December 10, 2012 motion, he asserts that he has filed a "motion for relief under Rule 60(b) S.C. R. Civ. P."  ECF No. 30.  Construing Plaintiff's pro se motion liberally, the court presumes Plaintiff intended to invoke the FEDERAL RULES OF CIVIL PROCEDURE, and not South Carolina's.  In addition, because Plaintiff's arguments focus on legal issues addressed in the November order, and do not address any of the specific grounds set forth in Rule 60(b) of the FED. R. CIV. P., the court construes Plaintiff's filing as a motion to alter or amend the judgment pursuant to Rule 59(e) of the FED. R. CIV. P.  *See CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) ("Where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b).").

1332 (4th Cir. 1996); *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988), *aff'd*, 878 F.2d

379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994)

(finding a suit against the sheriff's office to be a suit against the state); *Millmine v. Cnty. of

Lexington*, No. 182875, 2011 WL 182875 at *5 (D.S.C. Jan. 20, 2011) ("In South Carolina, a

sheriff's department is an agency of the state, not a department under the control of the county.")).

In addition, the court denied Plaintiff's motion to amend pursuant to Rule 15(a) of the FED.

R. CIV. P., finding that his proposed amended complaint did not cure any of the defects the court had

found in the original complaint.

## II.  STANDARD OF REVIEW

FED. R. CIV. P. 59(e) provides a mechanism for an aggrieved party to petition the court to

alter or amend a judgment under certain limited circumstances.  "In general, reconsideration of a

judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.

v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998).  Motions for reconsideration are

inappropriate merely to introduce new legal theories or new evidence that could have been adduced

during the pendency of the prior motion. *Keene Corp. v. Inter'l Fid. Ins. Co.*, 561 F. Supp. 656

(N.D. Ill.), *aff'd*, 736 F.2d 388 (7th Cir. 1982).  Also, "[b]ecause of the interests in finality and

conservation of judicial resources, Rule 59(e) motions are not at the disposal of an unsuccessful party

to rehash the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*,

766 F. Supp. 277, 280 (E.D. Pa. 1991) (internal citation and quotations omitted).  The Fourth Circuit

recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e):  (1)

to accommodate an intervening change in controlling law; (2) to account for new evidence not

available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v.

3

*Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

## II. DISCUSSION

The court discerns two arguments in Plaintiff's motion.[2] First, Plaintiff contends that the Solicitors are not entitled to absolute immunity because the decisions to indict him, rather than the Caucasian correctional officers who allegedly assaulted him or the Caucasian inmate who allegedly assaulted a correctional officer, was not prosecutorial but, instead, administrative. In this regard, Plaintiff contends that the court should not have relied on *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), because it is no longer good law. Plaintiff cites no authority, nor does the court find any that suggests *Imbler* is no longer controlling. To the contrary, the Supreme Court continues to cite *Imbler* with approval for the proposition that a prosecutor's decision to initiate a criminal proceeding is protected by absolute immunity. *See, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Burns v. Reed*, 500 U.S. 478, 587 (1991). The court finds no clear error in its analysis or change in controlling case law that warrants reconsideration of this part of the November order.

Second, Plaintiff contends that SCSD is not entitled to sovereign immunity because it is not an arm of the state. Plaintiff cites no authority relevant to the question of whether a sheriff's department in South Carolina is an arm of the state. After reviewing the relevant authorities cited in the November order, the court discerns no clear error in its analysis.

---

[2] Plaintiff also appears to take issue with the court's decision to deny his motion for leave to amend his complaint, but his reasoning is unclear. Having reviewed that portion of the November order, the court finds no reason to reconsider its decision.

4

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion to alter or amend the judgment, ECF No. 30, is **DENIED**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 29, 2013